# Third District Court of Appeal
## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1283
Lower Tribunal No. 16-28934

————————

## Cedric McIntyre, etc.,
Appellant,

vs.

## CIT Bank, N.A.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Offices of Daryl L. Jones, P.A., and Faequa A. Khan, for appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and David Rosenberg, B.C.S. (Boca Raton), for appellee.

Before FERNANDEZ, C.J., and LOGUE and LINDSEY, JJ.

PER CURIAM.

This appeal arises from a denial of an objection to a sale in a foreclosure case. We affirm because the objection was untimely.

The judgment of foreclosure at issue was entered in 2018.  The sale of the property was delayed by borrower's bankruptcy and other matters. The court ultimately ordered the sale of the property which occurred on January 18, 2022 for $342,100.  On the day of the sale, the personal representative of the borrower's estate (hereinafter "the borrower") filed an objection to the sale raising only one ground. Without tendering any funds, the borrower maintained that it had obtained a loan approval from another lender that would allow it to redeem the property. On January 21, 2022, the clerk issued its certificate of sale documenting the sale.

On February 4, 2022, the trial court entered an order on the borrower's January 18, 2022 objection "staying issuance of the certificate of sale for 60 days" and directing that the borrower "can use the allotted time to purchase or redeem this subject real property." "If after sixty (60 days), Sale/Redemption is not accomplished," the order provided, "then the stay shall automatically be lifted, and the prior sale complete without further need of a court hearing."

The borrower never purchased or redeemed the property. Instead, it raised a series of further objections to the sale, at first referring only generally to "infirmities" requiring "new advertising and sale" and, only months later, specifically raising the objection it argues in this appeal, namely that the

2

clerk's advertisement was defective because, while the legal description of the property was correct, the advertisement also included a street address with one digit mistyped. The borrower never claimed the sales price was low and never established that the mistyped address referred to an actual existing property. The trial court denied the borrower's objection and this appeal followed.

We do not reach the merits of the borrower's objection based upon the alleged defect in the advertisement. Objections to foreclosure sales must be raised within 10 days of the sale. § 45.031(8), Fla. Stat. The borrower argues that the stay it obtained extended the time to file further objections. That stay, however, was not entered to allow the borrower to raise further objections. Instead, as requested by the borrower, the trial court entered the stay for the express purpose of allowing the borrower to redeem and purchase the property, which the borrower never did.

Affirmed.